MEMORANDUM **
Salvador Aguilar (“Aguilar”) appeals his sentence of 14 months imprisonment and three years supervised release following his guilty plea to one count of making, or causing to be made, a false, fictitious, or fraudulent claim against the United States in violation of 18 U.S.C. § 287. We affirm.
Aguilar argues that the district court burdened his right to silence under the Fifth Amendment when it questioned him during the sentencing hearing. Although the Fifth Amendment privilege against self-incrimination attaches at allocution, that privilege only protects against compelled self-incrimination. See Baxter v. Palmigiano, 425 U.S. 308, 316, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976); Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Here Aguilar waived his right to silence by choosing to allocute.
That the district court stated an initial intent to sentence at the lower end of the guidelines before the allocution statement as recommended by both the prosecution and the defendant does not change the analysis. “The district court may indicate a tentative sentence and then hear from *853 the defendant before making a final sentencing determination.” United States v. Smith, 424 F.3d 992, 1016 (9th Cir.2005).
Aguilar also argues that the district court’s assessment of his credibility at sentencing was a clearly erroneous finding of fact requiring reversal. However, there is evidence in the record to support the district court’s assessment.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.